# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TIM and CATHY WALTERS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-865-CV-W-FJG |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is defendant's Motion for Partial Summary Judgment (Doc. # 11) and plaintiff's Motion to Remand (Doc. # 16).

### I. BACKGROUND

Pursuant to 28 U.S.C. § 1441, defendant removed the instant action to this Court on September 22, 2005. In the Notice of Removal, defendant notes that plaintiffs repeatedly assert in their Petition that the amount in controversy exceeds $75,000.00. Plaintiffs were insureds under an automobile policy issued by American Family Mutual Insurance Company. Under the terms of the policy, plaintiffs were provided underinsured motorist coverage when injured or damaged by the negligence of an operator of an underinsured motor vehicle. The limits of the policy were $100,000.00 per person. On November 11, 2003, plaintiff Tim Walters was involved in an accident with Julie Harrison. Plaintiffs allege that Ms. Harrison negligently operated her vehicle which caused injuries to Mr. Walters. Plaintiffs state that they entered into a release with the underinsured motorist carrier for Ms. Harrison in exchange for payment of

$50,000.00. Plaintiffs state that they have demanded payment of the underinsured motorist benefits, but that American Family has refused payment. Plaintiffs also alleged that defendants vexatiously refused to pay plaintiffs on their claim.

Defendant filed a Motion for Partial Summary Judgment on December 6, 2005. In the motion defendant argued that plaintiffs failed to fulfill a condition precedent for their vexatious refusal claim because the suit was filed within thirty days of when they sent the demand letter. On December 28, 2005, plaintiffs filed an Amended Stipulation of Dismissal and agreed that Count III- the Vexatious Refusal claim, should be dismissed. Therefore, the Court hereby **GRANTS** defendant's Motion for Partial Summary Judgment (Doc. # 11).

On January 3, 2006, plaintiffs filed a Motion to Remand. In their Motion, plaintiffs state that since the time of removal, American Family has taken the position that the total coverage available for this claim is $50,000.00. Additionally, they note that they have now conceded the Motion for Partial Summary Judgment. Given the dismissal of the vexatious refusal count and their stipulation that the amount of available underinsured motorist benefits is only $50,000.00, plaintiffs state that the Court has no jurisdiction and the case should be remanded. Plaintiffs cite to two cases in support of their argument: Mancuso v. Long Beach Acceptance Corp., No. 05-0136-CV-W-GAF, 2005 WL 1498855 (W.D.Mo. June 23, 2005) and Neighbours v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968 (W.D.Mo. Sept. 26, 2005).

Defendant opposes the motion to remand stating that jurisdiction is to be determined at the time of removal. Defendant also states that several courts have indicated that a plaintiff cannot divest the court of jurisdiction, by a post-removal

stipulation, once jurisdiction has attached. Defendant states that plaintiff's petition in this case clearly sought damages in excess of $75,000.00. Thus, defendant argues there is no question that at the time of removal, the amount in controversy clearly exceeded the statutory threshold. Defendant also states that neither Mancuso nor Muha address the effect of subsequent events upon a removed case where the Court properly had jurisdiction.

## II. DISCUSSION

In Ari Yarovinski v. Heartland Express Inc. Of Iowa, No. 4:05CV1953 DNN, 2006 WL 146222 (E.D.Mo. Jan. 19, 2006), the Court noted:

> When the parties to an action are citizens of different states, as they are here, a district court has original subject matter jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . .
> The removing party must look to the face of the complaint initially to determine whether or not the amount in controversy is met. The judicially created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the face of the plaintiff's complaint. . . . Sworn affidavits are relevant to clarify ambiguities regarding damages alleged at time of removal.

Id. at *2 (internal citations and quotations omitted).

This Court was not able to locate any Eighth Circuit or district court cases which were directly on point. However, in Dyrda v. Wal-Mart Stores Inc., 41 F.Supp.2d 943 (D.Minn. 1999), the Court considered whether a stipulation by the plaintiff that her damages would not exceed $75,000.00 necessitated remand. In that case Wal-Mart argued that post petition affidavits were only allowable if relevant to the time of removal. The Court found that a "post petition affidavit is relevant to clear up the ambiguity in the amount of damages that were alleged at the time of removal." Id. at 949. The Court

3

found that plaintiff was not attempting to reduce the original amount of damages that she sought, but rather was clarifying the amount of damages, beyond what was allowed by Minnesota's pleading statute. Similarly, in Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087 (N.D.Iowa 1999), the Court found that where a plaintiff's state court complaint does not specify a specific amount of damages, post removal stipulations indicating that the value of the claim *at the time of removal* did not exceed the jurisdictional minimum, were permissible. The Court stated,

> [c]onsideration of such a "clarifying" stipulation is in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed, as well as the further principles that the court's removal jurisdiction must be strictly construed, and that the court is required to resolve all doubts about federal jurisdiction in favor of remand. McCorkindale [v. American Home Assurance Co., 909 F.Supp. 646, 650 (N.D.Iowa 1995)]. As such, it is not only permissible for the court to consider the stipulation, but for the court to find on the basis of the stipulation that removal never attached, because this court never had subject matter jurisdiction owing to lack of sufficient amount in controversy.

Id. at 1092. Similarly, in Yarovinski, 2006 WL 146222 at *3, the Court found that plaintiff's affidavit which stated that her damages did not exceed $75,000, clarified the true nature of her damages, especially considering that her Complaint was ambiguous. In Neighbours, the Court stated:

> The basis for removal jurisdiction is determined at the time the complaint is filed rather than at the time when the notice of removal is filed; therefore, post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed. . . . However, post-removal affidavits may be considered to the extent that they *clarify*, rather than amend, the original pleading.

Id. at *3. In that case, the Court noted that the Missouri pleading rules prevented

4

plaintiff from demanding a specific amount of damages and instead plaintiff had only requested damages that were "fair and reasonable." Thus, the Court concluded that the Missouri pleading rules made the "amount-in-controversy on the face of the complaint ambiguous at best." Id. The Court was therefore free to consider the plaintiff's post-petition affidavit to resolve the ambiguity.

In the instant case, there is no ambiguity in the plaintiffs' Complaint. Consistently throughout their Complaint, plaintiffs state that their damages are "in a sum in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00)." (Plaintiffs' Complaint ¶¶ 7, 10 and 13). The Court therefore finds this case distinguishable. On the face of their Petition, plaintiffs sought damages which are in excess of the jurisdictional amount. As noted above, removal jurisdiction is determined at the time the Complaint is filed. In this instance, when the Complaint was filed on August 10, 2005 , the amount in controversy requirement was clearly met. Therefore, the Court finds that it properly possesses jurisdiction over this case, regardless of the amount of damages plaintiff is now claiming. Accordingly, the Court finds that there is no basis on which to grant plaintiff's motion to remand and therefore, the Motion to Remand is hereby **DENIED** (Doc. # 16).

### III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** defendant's Motion for Partial Summary Judgment on Count III (Doc. # 11) and **DENIES** plaintiffs' Motion to Remand (Doc. # 16).

Date: February 24, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge